ORVILLE S. BALCOM *vs.* JESSE F. RICHARDS & another.

A payment on a note, made before it is barred by the statute of limitations, by one of two joint promisors, and indorsed thereon, will take the case out of the statute as to the party making the payment, but not as to his co-promisor; and an acknowledgment by one promisor, of such payment generally, will be binding on him alone, and not on the other.

THIS was an action to recover the amount of a promissory note, signed by the defendants, Jesse F. Richards, as principal, and Calvin Richards, as surety, dated April 27th, 1840, and payable to the plaintiff on demand.   On the back of the note, there were two indorsements of payments, both in the hand-writing of the plaintiff, one dated the 21st of October, 1841, and the other, the 6th of December, 1844.

The defendants relied on the statute of limitations.   In order to take the case out of the operation of the statute, the plaintiff's attorney was examined as a witness, and testified in substance, as follows: That after the note was given to him for collection, Jesse F. Richards, one of the defendants, came to his office, at his request; that he told Richards he had the note and asked him respecting payment; that Richards said there were, he believed, two payments or indorsements on the note, and inquired how much was due thereon; that the wit-ness and Richards made a computation of what was due on the note, and the witness asked him if he would pay it, to which Richards replied that he would call and see about it; that Richards did not say, whether he or Calvin Richards made the payments which were indorsed on the note, nor did he deny that the payments were made as indorsed; that he did not say, whether he or the other defendant was to furnish the money to pay the note, or whether both jointly were to furnish it, nor did he say any thing as to the time when the payments were made, but took a memorandum of them from the note; and that after the commencement of the action the same defendant requested the witness to have the action de-layed, saying that he only wanted delay; but nothing about any defence, or that he would pay the note.

The defendants contended, that this evidence was not suffi-cient to take the case out of the statute of limitations, as to

the defendant, Jesse F. Richards; that in order to charge him, it should appear that the payment was made by him, or by his authority, within six years of the commencement of the action; that proof of payment by one defendant was not sufficient to charge the other; and that the admission by Jesse F. Richards of payment, in order to bind him, should be of a payment made by himself, or by his authority, and not of a payment made by Calvin Richards.

The presiding judge of the court of common pleas, *Hoar*, J., before whom the case was tried, instructed the jury, that payment by one of the defendants, while the note was a valid note, not barred by the statute, was payment by both, and binding on both, and prevented the statute from running in favor of either; and that an acknowledgment by one, of such a payment made by either, would be sufficient to authorize the jury to find a verdict against the defendant who made the acknowledgment, and that it was not important that the jury should consider whether Jesse F. Richards admitted that the payment was made by himself or Calvin Richards. And the judge also instructed the jury, that it was competent for them to find from the testimony, if they were satisfied with it, that the payments were made at the times stated in the indorsements on the note.

The jury, under these instructions, returned a verdict for the plaintiff, and the defendants excepted.

*C. B. Farnsworth*, for the defendants.

*T. D. Eliot*, for the plaintiff.

DEWEY, J. The ruling of the court of common pleas, that a payment, made by one of two defendants upon the note before it was barred by the statute of limitations, prevented the statute from running against both, and that it was not important for the jury to consider, whether Jesse F. Richards admitted that the payment was made by himself or Calvin Richards, was erroneous. This subject was fully considered by this court in the case of *Peirce* v. *Tobey*, 5 Met. 168, 171, and that decision must govern the present case.

*Exceptions sustained.*